## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

GREGORY V. DOUGLAS,

        Plaintiff,

v.                                         ACTION NO. 4:10cv80

D.B. VIRGINIA, LLC d/b/a Harold
Pener Man of Fashion, D.B.
MARYLAND, LLC d/b/a Harold Pener
Man of Fashion, and D.B. PENER, INC.,
                Defendants.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered November 12, 2010.

This case was referred for a report and recommendation on a Defendants' Amended Joint Motion to Dismiss. ECF No. 31. Plaintiff responded in opposition to Defendants' motion on November 5, 2010 (ECF No. 34), and Defendant filed a Rebuttal Brief on November 10, 2010 (ECF No. 35). For the following reasons, this Court recommends that Defendants' Motion to Dismiss on the basis of improper venue be GRANTED.

### I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff Douglas was employed by D.B. Maryland, LLC from approximately November 5, 2008 through January 2009 as a Sales Associate for the Harold Pener Man of Fashion department store in Hyattsville, Maryland. From sometime in January 2009 through the

termination of Plaintiff's employment on February 26, 2009, he worked as a Sales Associate and Assistant Manager in a combined position. At the time of his employment, Plaintiff lived in Washington, D.C., but currently resides in Hampton, Virginia. Plaintiff brought an action on June 29, 2010 against Harold Pener Manufacturer for violations of the Fair Labor Standards Act ("FLSA") stemming from his employment in Maryland. Compl., ECF No. 1. Plaintiff alleged that during his employment, he was a misclassified employee who performed work that entitled him to overtime compensation pursuant to the FLSA, 29 U.S.C. § 201, *et al*. Compl. ¶ 3. Damages claimed by Plaintiff included recovery of overtime compensation, as calculated by the overtime rate of pay for the hours in excess of 40 that he worked as a misclassified employee, as well as attorney's fees, litigation expenses, pre- and post-judgment interest and all other available relief. Compl. ¶ 18.

Prior to effectuating service on Harold Pener Manufacturer, Plaintiff amended his complaint to include D.B. Virginia, LLC d/b/a Harold Pener Man of Fashion on July 14, 2010. Am. Compl., ECF No. 3. Plaintiff alleges that as a subsidiary of Harold Pener Man of Fashion, D.B. Virginia, LLC and any other subsidiaries or affiliates of Harold Pener are responsible for the misclassification of Plaintiff's employment. Am. Compl. ¶ 1. All other parts of Plaintiff's Amended Complaint are substantially similar to the first filed complaint.

After waiving service of Plaintiff's Amended Complaint, Defendant D.B. Virginia, LLC filed a Motion to Dismiss alleging, pursuant to a Fed. R. Civ. P. 12(b)(3) challenge, venue in the Eastern District of Virginia is improper under 28 U.S.C. § 1391(b). Def. D.B. Virginia's Mot. to Dismiss, ECF No. 12. Offering an attached affidavit of Barry Pener, manager of Harold Pener, Inc. (ECF No. 12-1), Defendant D.B. Virginia argues for dismissal because they are a separate legal entity, not in any way affiliated with D.B. Maryland, LLC, the Plaintiff's employer at all

relevant times. Because Plaintiff alleged no facts that would connect D.B. Virginia to the wrongful conduct, and no act or omission took place in Virginia, D.B. Virginia requested dismissal of the action from the Eastern District of Virginia due to improper venue under 28 U.S.C. § 1406(a).

Before responding to Defendant D.B. Virginia's Motion to Dismiss, Plaintiff timely filed a Second Amended Complaint on October 11, 2010, alleging the same facts, but adding D.B. Maryland, LLC as a defendant; now totaling three defendants, D.B. Virginia, LLC, D.B. Maryland, LLC, each doing business as Harold Pener Man of Fashion, as well as D.B. Pener, Inc. Sec. Am. Compl., ECF No. 22. In this most recent complaint, Plaintiff states all three defendants have their principal place of business in Kansas City, Missouri, all three acted against the Plaintiff, and all three maintain operations in Virginia. Sec. Am. Compl. at 4. Venue is proper under 28 U.S.C. § 1391(b) and (c) because the Defendant operates in the Eastern District of Virginia. Id.

On October 25, 2010, Defendants filed an Amended Joint Motion to Dismiss Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) arguing once again that venue is improper in the Eastern District of Virginia. Defs.' Mot. to Dismiss, ECF No. 31. Defendants set forth their corporate structure stating D.B. Maryland and D.B. Virginia are separate LLCs registered in Missouri and doing business in their respective states and D.B. Pener is the sole managing member of both D.B. Maryland and D.B. Virginia. Defs'. Mem. in Support of Mot. to Dismiss at 2, ECF No. 27. Defendants assert that Plaintiff has alleged only facts which place proper venue in Maryland under 28 U.S.C. § 1391(b)(2) (providing venue where a substantial part of the events or omissions arose). Defendants request that this Court declare venue in the Eastern District of Virginia improper and dismiss the action pursuant to 28 U.S.C. §

1406(a), or alternatively, transfer the action to Maryland, where they state venue is proper. Plaintiff responded to Defendants' motion on November 5, 2010 (Pl.'s Opp. to Am. Mot. to Dismiss, ECF No. 34), countering that venue in Virginia is proper under 28 U.S.C. § 1391(b)(1) (providing venue in a judicial district where any defendant resides, if all reside in the same state) and, in the alternative, requested transfer to Maryland. Finally, Defendants' filed a rebuttal (Defs.' Rebuttal Bf. in Supp. of Joint Mot. to Dismiss, ECF No. 35).

## II.     STANDARD OF REVIEW

United States Code section 1391 promulgates venue in civil actions. In a civil action where jurisdiction in federal court is not based solely on diversity of citizenship, venue may be found in one of three places: (1) "a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b) (2006). If a defendant is a corporation, they "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c) (2006).  The proper challenge to a plaintiff's chosen venue is made under Fed. R. Civ. P. 12(b)(3).

A Motion to Dismiss for Improper Venue is a defense pleaded in the first responsive pleading or made by motion filed by a defendant.  Proper venue can be waived, and if not asserted promptly by a defendant, a court will presume it waived.  See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd., 364 F.3d 884, 887-88 (7th Cir. 2004).  When a defendant challenges proper venue under 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir. 1979);

Call Carl, Inc. v. BP Oil Corp., 391 F. Supp. 367, 370 (D. Md. 1975). Upon no evidentiary hearing, a plaintiff need only make a prima facie showing establishing venue. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). The court, however, need not accept the "pleadings as true, as would be required under a Rule 12(b)(6) analysis," and may consider outside evidence. Western Refining Yorktown, Inc. v. BP Corp. N. Am., Inc., 618 F. Supp. 2d 513, 516 (E.D. Va. 2009). If venue is found to be not proper in the judicial district, the court may dismiss the action, or transfer the action to a district where it otherwise could have been brought in the interest of justice. 28 U.S.C. § 1406(a) (2006).

### III.   ANALYSIS

Defendants in the present action filed a joint motion to dismiss on the basis of improper venue, or in the alternative, to transfer venue to Maryland. Defs.' Mot. to Dismiss. For the following reasons, this Court agrees that the Eastern District of Virginia is an improper venue and recommends dismissal of the action.

### A. Improper Venue

Plaintiff avers venue in the Eastern District of Virginia under § 1391(b)(1) of the United States Code on the argument that all of the defendants reside in Virginia. Plaintiff asserts that as a member-managed LLC with only one member, D.B. Pener, Inc., each D.B. subsidiary takes on the residence of every place the parent is a resident. Opp. at 2. The question of "residence" for venue purposes, however, is a separate inquiry than "citizenship" for diversity purposes, and Plaintiff has the burden to establish a prima facie case of venue over each defendant. See Bartholomew, 612 F.2d at 816. Although an entity is tied to its members for diversity jurisdiction, the "question of the proper venue for such a defendant is determined by looking to the residence of the association itself rather than its members." Denver & Rio Grande West.

Rail. R. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 560 (1967). Further, subsidiary business entities are treated as separate businesses for venue purposes so long as a real and substantial separation between companies exists. See Manville Boiler Company, Inc. v. Columbia Boiler Company of Pottstown, Inc., 269 F.2d 600, 606-07 (4th Cir. 1959).

Plaintiff attempts to group all three defendants, asserting their corporate structure militates a finding that all three defendants reside in each state where any of their other affiliates reside. They rely on their argument that because D.B. Pener is a resident of Virginia under 28 U.S.C. §1391(c) (venue for corporations), then all of its subsidiaries must be residents as well. Plaintiff may only group D.B. Maryland and D.B. Virginia, limited liability companies (*not* corporations), under the 28 U.S.C. § 1391(c) umbrella if no substantial separation between their membership structure exists.[1] See Gen. Tech. v. Exro, 388 F.3d 114, 121 (4th Cir. 2004) ("While a manager-managed limited liability company looks and acts somewhat like a corporation . . . [a] limited liability company organized under the laws of a state is not a corporation . . . ."). If Plaintiff cannot assert such facts, then each defendant must be treated separately for venue purposes, and each must be a resident of Virginia to maintain proper venue.[2]

---

[1] The Supreme Court has stated that it "most nearly approximates the intent of Congress" to permit suit against an unincorporated association similar to a corporation, where the association "resides" or is "doing business." Denver & Rio Grande West, 387 U.S. at 562. This does not mean, however, that LLCs fall under 28 U.S.C. §1391(c), only that an unincorporated association's (such as an LLC) "residence" under 28 U.S.C. § 1391(b)(1) should be analyzed in an analogous fashion to analyzing a residence of a corporation for venue purposes. See id. at 560 ("[T]he unincorporated association should be viewed as an entity for purposes of residence under §1391(b)," but the residence may be ascertained through an inquiry into congressional intent to allow suit where the association "does business," in a similar way to how a court would analyze venue for corporations.). Plaintiff's argument glosses over the distinction between citizenship for diversity jurisdiction purposes and residence for venue purposes.

[2] The only fact asserted by Plaintiff to suggest that each LLC is not separate and distinct from D.B. Pener, Inc. is that D.B. Maryland and D.B. Virginia are managed by one member, D.B. Pener, Inc. Opp. at 3. The authorities cited to support this point, however, refer to a limited liability company's classification for federal tax purposes. See Va. Code Ann. § 13.1-1002 (general tax provisions under the Limited Liability Companies Act); Nahigian v. Juno-Loudoun, LLC, Civ. No. 1:09cv725, 2010 U.S. Dist. LEXIS 113878 (E.D. Va. Oct. 26, 2010) (discussing entities' payments to a party under a rescission agreement); 29 C.F.R. § 301.7701-3(b)(1)(ii) (classifications of business entities for the purposes of the Internal Revenue Service). A residence analysis for venue is separate than classifications for tax purposes, and therefore, these citations are not on point. See Va. Code Ann. § 13.1-1002 ("A

See Manville, 269 F.2d at 606; see also Bartholomew, 612 F.2d at 816 (stating that a plaintiff has the burden of demonstrating venue for each defendant).  Plaintiff has failed to demonstrate that D.B. Maryland and D.B. Virginia are not separate and distinct from D.B. Pener, Inc., thus to remain in the Eastern District of Virginia, Plaintiff must assert facts, which if true, would establish the residence of each defendant listed.  28 U.S.C. §1391(b)(1); see also supra.

Plaintiff has failed to establish a prima facie case of residency of the defendants in Virginia, specifically with regard to D.B. Maryland, LLC.  Exhibit A of Defendant's Motion to Dismiss avers D.B. Pener, Inc. is a registered Colorado corporation with a principal place of business in Missouri.  Ex. A to Defs.' Joint Mot. to Dismiss, Aff. of Barry Pener, President of D.B. Pener, Inc., ¶ 1, ECF No. 26-1.  Assuming, but not deciding, that Plaintiff's analysis of D.B. Pener, Inc.'s residency under 28 U.S.C. §1391(c) is correct, then D.B. Pener, Inc. can be said to be a resident of Virginia and Missouri.[3]  See 28 U.S.C. § 1391(c); Opp. at 4-5; see also Hertz Corp. v. Friend, 130 S.Ct. 1181, 1181 (2010) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").  Similarly, it is undisputed that D.B. Virginia could properly be sued in the Eastern District of Virginia.  D.B. Virginia, LLC is a resident anywhere where it is doing business.  See Denver & Rio Grande West, 387 U.S. at 562.  D.B. Virginia is a Missouri limited liability company that is authorized to do business in North Carolina and Virginia and is a resident of Virginia for purposes of § 1391(b)(1).  Aff. of Barry Pener at ¶ 4.

---

limited liability company's status for federal tax purposes shall not affect its status as a distinct entity organized and existing under this chapter.").

[3] Defendants dispute that D.B. Pener, Inc. is subject to jurisdiction in Virginia.  Aff. of Barry Pener ¶ 6 ("Pener does not conduct regular business in Virginia.").  However, for the purposes of this Motion to Dismiss due to Improper Venue, the Court will assume Plaintiff's assertions are correct only for determining if Plaintiff established a prima facie case for proper venue. See Mitrano, 377 F.3d at 405.

Where Plaintiff fails to demonstrate proper venue under § 1391(b)(1) is with regard to D.B. Maryland. Plaintiff stated that during his time as an employee, he was a resident of Washington, D.C., and performed all his duties giving rise to this action in Hyattsville, Maryland. Sec. Am. Compl. ¶8, ¶ 3. He also stated that all Defendants were his employer during the operative times. Id. ¶ 7. These statements do not assert enough facts to establish residence in Virginia with specific reference to D.B. Maryland. Plaintiff must allege residence for each defendant. See Bartholomew, 612 F.2d at 816. Without further facts establishing that D.B. Maryland, as a distinct entity, does business in Virginia, this Court must find that Plaintiff did not meet its burden to establish that each of the three named defendants are residents in Virginia and, therefore did not meet its burden to demonstrate proper venue in the Eastern District of Virginia under § 1391(b)(1).

## B. Transfer of Venue Under § 1406(a)

Once the court determines that venue in this judicial district is improper, § 1406(a) sets forth the remedies available to the court. To cure a defect in venue, a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2006). The court has "broad discretion to grant or deny a motion to transfer to another district." Landers v. Dawson Const. Plant Ltd., 201 F.3d 436, 1999 U.S. App. LEXIS 28474 at *5 (4th Cir. 1999). Both Plaintiff and Defendants argued in the alternative for a transfer of the action to the District of Maryland, a possible venue under § 1391(b)(2). Before this Court could consider transferring the action to Maryland, a threshold question exists as to whether the district court retains the power to transfer the action to Maryland.

A court may only transfer to a venue which has subject matter jurisdiction over the action, and where personal jurisdiction and venue are proper. Johnson v. Helicopter & Airplane Serv. Corp., 389 F. Supp. 509, 523 (D. Md. 1974) (citing 1 J. Moore, Federal Practice P 0.146[5], at 1910) ("In accordance with the settled principles, in order to transfer this case . . ., this Court must find that the transfer is in the 'interest of justice,' that the transferee court has subject matter jurisdiction over the action, and that personal jurisdiction and venue are proper . . . ."). A transferring court may transfer a case against defendants when it may not have personal jurisdiction over said defendants, but before transferring, the transferor court must ensure that the receiving, or transferee, court has proper subject matter jurisdiction, personal jurisdiction, and venue. See Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); Johnson, 389 F. Supp. at 523. Only an independently sought venue (not dependent upon the consent or waivers of the defendants) is a "district where the action might have been brought."[4] Hoffman v. Blaski, 363 U.S. 335, 344 (1960) (affirming the district court's refusal to decide a waiver issue for a separate court); see also, Saudi v. Northrop Grumman Corp., 427 F.3d 271, 277 (4th Cir. 2005); City of Va. Beach v. Roanoke River Basin Ass'n, 776 F.2d 484, 489 (4th Cir. 1985).

A court may only consider transfer to Maryland if the action could have been brought in Maryland; Maryland must have proper subject matter jurisdiction, venue and personal jurisdiction over all defendants. The federal district of Maryland has subject matter jurisdiction, as it is undisputed that the claim is filed under a federal statute (29 U.S.C. § 201). Sec. Amend. Compl. ¶ 1. Secondly, venue in the District of Maryland would be proper under 26 U.S.C §1391(b)(2), as a "judicial district in which a substantial part of the events or omission giving

---

[4] To the extent that Defendants' statements and argument urging transfer to the District of Maryland could act as either a waiver of venue or consent to venue in Maryland, it is immaterial to this Court's decision. This Court may only transfer the action to a forum where it could have independently been filed by Plaintiff. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960).

rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Neither party asserts that Maryland is an improper venue under § 1391(b)(2), and appears to concede that Maryland is proper. See Defs.' Mot. to Dismiss ¶ 3 ("Thus, while venue would be proper in the District of Maryland under § 1391(b)(2), it is not proper in this judicial district."); Opp. at 6 ("[S]hould the Court find venue improper [in Virginia], it may transfer the case to an appropriate district . . .[t]hat forum is Maryland."). There is no dispute that a possible venue for this dispute is the District of Maryland where all events giving rise to this action occurred.

The determination of the "propriety of venue differ[s] somewhat from those tests used in examining questions of personal jurisdiction," and this Court's power to transfer the present action to Maryland hinges on the District of Maryland's ability to exercise personal jurisdiction over each of the defendants, specifically D.B. Virginia, LLC. United States v. Douglas, 626 F. Supp. 621, 624 (E.D. Va. 1985). A district court may only exercise personal jurisdiction over a foreign entity, if jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment, U.S. Const. amend. XIV § 1. See Consulting Eng'rs Corp. v. Geometric, Ltd., 561 F.3d 273, 277 (4th Cir. 2009). Defendants and Plaintiff address *Virginia's* exercise of personal jurisdiction over each defendant, but not Maryland's exercise of either general or specific jurisdiction. Opp. at 4-5; Rebuttal Bf. at 4-7. This Court currently has insufficient facts to determine the proper exercise of personal jurisdiction in Maryland over D.B. Virginia, therefore dismissal is the proper remedy under § 1406(a).[5] See Saudi, 427 F.3d at 277 (affirming the broad discretion of a district court to refuse to transfer an action where a plaintiff has not presented the argument that the action "could have been brought" in another district).

---

[5] The pleadings and briefs arguing this Motion to Dismiss address only the propriety of the Eastern District of Virginia as a proper venue. Therefore, this Court focuses on the ability of the Eastern District of Virginia to adjudicate the present action. This report and recommendation expresses no opinion as to other possible venues.

Plaintiff failed to meet his burden to establish a prima facie case of proper venue in either the Eastern District of Virginia or the District of Maryland, therefore, the Court recommends that this action be dismissed on the basis of improper venue and the Defendants' Motion be GRANTED.

## III.  RECOMMENDATION

For the above stated reasons, this Court recommends that Defendants' Joint Motion to Dismiss be GRANTED and the action dismissed.

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                        _____/s/_____

                                               Tommy E. Miller

                                UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 13, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:


Joseph Allen Schreiber
Marks & Harrison PC
355 Crawford St.
Suite 720
Portsmouth, Virginia 23704
Counsel for Plaintiff

Samuel Johnson Webster
Willcox & Savage PC
440 Monticello Ave
Suite 2200
Norfolk, Virginia 23510
Counsel for Defendants


Fernando Galindo, Clerk


By _____
Deputy Clerk
December    , 2010